**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JANISLEIDY RODRIGUEZ REYES,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**PAM BONDI, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-00050 (ES)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

**THIS MATTER** comes before the Court on the counseled petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, (D.E. No. 1 ("Petition" or "Pet.")), filed by Petitioner Janisleidy Rodriguez Reyes ("Petitioner"). According to the Petition, Petitioner is a native and citizen of Cuba, (*id.* ¶ 12), who is subject to an expedited removal order and who is currently enrolled in Immigration and Customs Enforcement's ("ICE") Intensive Supervision Appearance Program ("ISAP"), (*id.* at ¶¶ 26–29). Respondents answered the petition, (D.E. No. 6), and Petitioner filed a reply, (D.E. No. 7). Having carefully considered the parties' submissions, the Court decides this matter without oral argument. For the reasons set forth below, the Petition is **DENIED** *without prejudice*.

## I. BACKGROUND

Petitioner entered the United States without inspection on or around April 19, 2021. (Pet. ¶ 13). Petitioner was apprehended near the U.S./Mexico border and processed for expedited removal on April 22, 2021. (ECF Nos. 6-1, 6-2). Petitioner was held in the custody of the Department of Homeland Security ("DHS") after she expressed a fear of returning to Cuba and requested a credible fear interview ("CFI"). (ECF No. 6-2 at 4 (ECF Pagination)). DHS

subsequently released Petitioner from custody on her own recognizance pending her CFI. (Pet. ¶ 15). On June 29, 2021, DHS issued Petitioner a Notice to Appear ("NTA"), which was never docketed with the immigration court, and Petitioner was thus never scheduled for a hearing with an immigration judge ("IJ"). (*Id.* ¶¶ 16–18)

On December 14, 2023, Petitioner married a U.S. citizen, Roberto Alfonso. (*Id.* at 17 (ECF Pagination)). On December 8, 2025, United States Citizenship and Immigration Services provided Petitioner with a CFI and issued a negative credible fear determination. (*Id.* ¶¶ 24–25). On December 11, 2025, an IJ issued an order affirming the negative credible fear determination, finalizing Petitioner's expedited removal order. (*Id.* ¶¶ 26–27). On the same day, ICE enrolled Petitioner in ISAP and fitted her with an ankle monitor. (*Id.* ¶ 28).

Petitioner filed the Petition on January 5, 2026, seeking a writ of *habeas corpus* and emergency injunctive relief prior to her scheduled check-in with ICE on January 9, 2026. (*Id.* at 9–10). Petitioner asked this Court to preemptively restrain ICE from detaining her during her January 9, 2026, check-in and to declare her constructive custody (i.e., her ankle monitor and supervision conditions) unconstitutional. (*Id.* ¶¶ 2, 38). On January 8, 2026, this Court denied Petitioner's order to show cause and motion for preliminary injunction, finding that Petitioner had failed to meet her burden of showing a likelihood of success on the merits of her Petition. (ECF No. 4 ¶ 7). This Court also noted that Plaintiff appeared to be subject to a final removal order. (*Id.* ¶ 8 ("The IJ's order evidently constitutes a final order of removal, and accordingly, it appears that, 'if any detention statute applies to Petitioner, it is the statute governing post-final orders of removal detention, 8 U.S.C. § 1231.' *Rivera v. Florentino*, No. 25-18063, 2025 WL 3765061, at *2 (D.N.J. Dec. 30, 2025)[.]")).

Petitioner asserts that she should not have been subject to expedited removal. (Pet. ¶¶ 31–42; D.E. No. 7). She also contends that she has significant ties to the United States, she has exhausted the available administrative process, and she will suffer irreparable harm through deprivation of liberty if this Court does not assert habeas jurisdiction to review her claims. (Pet. ¶¶ 20–22 & 34). Petitioner further argues that "[t]o dismiss this matter without habeas review would effect an unconstitutional suspension of the writ of habeas as applied to [her.]" (D.E. No. 7 at 3).

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), the Court may extend habeas relief to a prisoner when she "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Here, Petitioner is in custody within this Court's jurisdiction and alleges that her detention violates her constitutional rights. (*See generally* Pet.). Therefore, this Court has jurisdiction over her claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (*per curiam*) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

## III. DISCUSSION

### A. Petitioner's Expedited Removal Order

Petitioner is subject to an order of removal, dated April 22, 2021, which DHS issued pursuant to 8 U.S.C. § 1225 following her illegal entry into the United States. (D.E. No. 6-1). "An expedited removal order is final when it orders an alien deported, and the order is not subject to administrative review." *Duyzings v. Warden, FCI Fort Dix*, No. 23-21574, 2024 WL 1406647, at

*3 (D.N.J. Apr. 2, 2024); *see also* 8 C.F.R. § 235.3(b)(2)(ii) (a noncitizen issued an expedited removal order under 8 U.S.C. § 1225(b)(1) has "[n]o entitlement to hearings and appeals" before an IJ or the Board of Immigration Appeals). Here, it appears that Petitioner's removal order became "final" on or about December 11, 2025, when IJ Maria Akalski issued an order affirming the negative fear finding from Petitioner's CFI. (Pet. at 29–30 (ECF Pagination)). Petitioner is, therefore, subject to a final removal order.

District courts are limited to the following three areas of review in challenges to expedited removal orders: (i) whether the petitioner is an alien; (ii) whether the petitioner was in fact ordered removed; and (iii) whether the petitioner can show that he or she was lawfully admitted for permanent residence, admitted as a refugee, or has been granted asylum. 8 U.S.C. § 1252(e)(2)(A)–(C). Here, the Petition reflects that Petitioner is not a U.S. citizen, was not lawfully admitted to the United States, and has not been granted asylum or refugee status. (Pet. ¶¶ 12–13 & 24–27). Thus, this Court's jurisdiction is limited to "whether [an expedited removal order] in fact was issued and whether it relates to the petitioner." *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 430 (3d Cir. 2016); *see also Blandon-Sanchez v. Warden*, No. 26-2022, 2026 WL 2225575, at *1 (D.N.J. Aug. 3, 2026). Respondents submitted a copy of the expedited removal order that DHS issued for Petitioner on April 22, 2021. (ECF No. 6-1). Although the expedited removal order was not signed by an immigration officer or a supervisor, the IJ affirmed the order as it pertains to Petitioner. (Pet. at 29 (ECF Pagination)). Therefore, the expedited removal order was in fact issued and refers to Petitioner. *See Cifuentes v. Bondi*, No. 26-00679, 2026 WL 657814, at *3 (D.N.J. Mar. 9, 2026) (holding that the expedited removal order was administratively final and the Court lacked jurisdiction to review its validity after the IJ affirmed the negative CFI, despite the fact that the order was not signed by an immigration officer). As such, the only way

Petitioner can overcome the jurisdictional bar to this Court's review of the removal order is by demonstrating that applying 8 U.S.C. § 1252 to Petitioner would violate the Suspension Clause. For the reasons that follow, the Court finds that it does not.

**B. Suspension Clause Challenge**

The Third Circuit has held that some noncitizens who have "significant ties to this country" may be able to mount a Suspension Clause claim against this Court's limited jurisdiction to review an expedited removal order. *See Osorio-Martinez v. Att'y Gen.*, 893 F.3d 153, 166–67 (3d Cir. 2018). In *Osorio-Martinez*, the United States Court of Appeals for the Third Circuit contemplated an extraordinary situation involving children who were granted Special Immigrant Juvenile Status ("SIJS") and, as such, had special protections afforded to them by Congressional statute, including a clear pathway to permanent residency and exemption from a finding of inadmissibility on account of their illegal entry. *Id.* at 170–75. The Third Circuit also acknowledged (i) the fact that the government had not previously sought to remove the children who had SIJS; and (ii) the "drastic legal consequences that expedited removal would carry" for the children's ability to adjust status in the future as important factors weighing in favor of judicial review. *Id.* at 179.

Petitioner asserts that her marriage to a U.S. citizen, her employment, and her four-year residence in the United States sufficiently tie her to this country such that she can mount a Suspension Clause challenge like the petitioners in *Osorio-Martinez*. (Pet. ¶ 37; ECF No. 7 at 3). Petitioner, however, does not provide any authorities where this Court has determined that someone in a similar posture has been successful in such a claim. Petitioner's situation is substantially different from those of the petitioners in *Osorio-Martinez*. Petitioner does not have any protections afforded to her by a separate statutory scheme and, based on the evidence submitted, does not appear to have a clear pathway to legal status. On the contrary, Petitioner was

apprehended and issued an expedited removal order just days after crossing the border. In any future attempt to attain permanent residency in the United States, Petitioner would have to overcome the inadmissibility bar presented by her illegal entry, unlike those (such as the petitioners in *Osorio-Martinez*) who have been granted SIJS. *See Osorio-Martinez*, 893 F.3d at 163 ("Of particular note, the [Immigration and Nationality Act] exempts SIJ designees from inadmissibility based on the lack of 'valid entry document[s],' *id.* § 1182(a)(7)(A)(i)(I)—the very ground on which the Government alleges Petitioners are eligible for expedited removal.").

"The statute must be enforced according to its plain meaning, even if doing so may lead to harsh results." *Castro*, 835 F.3d at 430. "[T]he [expedited removal] statute could not be much clearer in its intent to restrict habeas review." *Li v. Eddy*, 259 F.3d 1132, 1134–35 (9th Cir. 2001), *opinion vacated as moot*, 324 F.3d 1109 (9th Cir. 2003). Petitioner has already been afforded the due process protections made statutorily available to those in her situation. Specifically, she was given a CFI and IJ review of the negative credible fear determination, which are the only due process protections contemplated by the statute. 8 U.S.C. § 1225(b)(1)(A)(ii), (b)(1)(B)(iii).

This Court is barred under 8 U.S.C. § 1252 from granting expanded procedural protections to allow review of Petitioner's expedited removal order via a habeas petition. Several courts, including multiple judges within this District, have previously held the same. *See Mendoza-Linares v. Garland*, 51 F.4th 1146, 1148 (9th Cir. 2022) ("Congress has chosen to explicitly bar nearly all judicial review of expedited removal orders . . . including 'review of constitutional claims or questions of law.' 8 U.S.C. § 1252(a)(2)(A), (D)[.]"); *Cifuentes*, 2026 WL 657814, at *3; *Blandon-Sanchez*, 2026 WL 2225575, at *2 (finding that the only tie the Third Circuit has recognized as a valid basis for a Suspension Clause claim is the grant of SIJS status and, as such,

this Court did not have jurisdiction to review the validity of an expedited removal order made administratively final by the IJ where the petitioner did not have SIJS); *Rivera v. Florentino*, No. 25-18063, 2025 WL 3765061, at *2 (D.N.J. Dec. 30, 2025) (finding that "the REAL ID Act, Pub. L. No. 10943, 119 Stat. 231 (2005), 'clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus'" and that the court "cannot review the validity of the final order"); *Shunaula v. Holder*, 732 F.3d 143, 146 (2d Cir. 2013) (holding that § 1252 "provides for limited judicial review of expedited removal orders in habeas corpus proceedings" and strips the court of the ability "to hear challenges relating to the Attorney General's decision to invoke expedited removal"); *Khan v. Holder*, 608 F.3d 325, 330 (7th Cir. 2010) ("Under § 1252(e) . . . a court has jurisdiction to inquire only 'whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.'" (quoting 8 U.S.C. § 1252(e)(5))); *Brumme v. I.N.S.*, 275 F.3d 443, 448 (5th Cir. 2001) (finding that the argument that district courts have jurisdiction under § 1252(e)(2)(B) to determine if the expedited removal statute "was applicable in the first place" was "an end run around" the "clear" language of § 1252(e)(5)).

**C. Petitioner's Release Conditions**

Given that Petitioner has a final removal order, the applicable detention statute is 8 U.S.C. § 1231. Pursuant to that section, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Within the removal period, "the Attorney General *shall* detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible . . . or deportable[.]" *Id.* (emphasis added). Detention pursuant to § 1231 is mandatory for the removal period and detention authority may extend beyond that period as

necessary to effectuate removal. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The Supreme Court has held, however, that due process places limits on the length of time a noncitizen may be detained beyond the removal period where there is "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The presumptively reasonable period of detention is six (6) months. *Id.* ("[W]e do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months.").

Petitioner requests that this Court require Respondents to "immediately release [her] from custody . . . ." (Pet. at 10). She asserts that her "ankle monitor and supervision conditions impose continuous surveillance and significant limitations on [her] daily life and freedom of movement, constituting constructive detention for habeas purposes." (*Id.* at 9 ¶ 38).

Respondents agree that Petitioner is "in custody" for the purposes of 28 U.S.C. § 2241 and that the relevant detention statute applicable to Petitioner is 8 U.S.C. § 1231. Respondents argue, however, that this Court is barred from reviewing Petitioner's claims under 8 U.S.C. § 1252(a)(2)(B)(ii) (which precludes judicial review over decisions "specified . . . to be in the discretion of the . . . Secretary of Homeland Security") and cite to 8 U.S.C. § 1182(d)(5)(A) (which grants the Secretary of DHS "discretion [to] parole [noncitizens] into the United States temporarily under such conditions as he may prescribe") as the authority pursuant to which Petitioner was given conditions of release. However, Petitioner's release conditions are not conditions that were placed on her when she was released on her own recognizance in 2021. (*Id.* at 20–23). Petitioner was not enrolled in ISAP or fitted with an ankle monitor until *after* the IJ affirmed the CFI determination on December 11, 2025, and finalized her removal order. (*Id.* at 35–37 (showing ISAP information and requirements given to Petitioner were dated January 5, 2026)). Therefore, her custody and conditions of release are not barred from review by 8 U.S.C. § 1252(a)(2)(B)(ii),

and this Court has jurisdiction under 28 U.S.C. § 2241 to review Petitioner's custody pursuant to her final removal order, 8 U.S.C. § 1231. *See Zadvydas*, 533 U.S. at 687.

It is well established that the Due Process Clause prohibits the unreasonably prolonged detention of a noncitizen who has a final order of removal where there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 682, 701. Petitioner has been fitted with an ankle bracelet and has been enrolled in ISAP for approximately eight (8) months (Pet. at 7), which may raise questions about the constitutionality of her continued custody. *Zadvydas*, however, held that the noncitizen must first demonstrate that his or her removal is unlikely: "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id.* at 701. "Only if [s]he makes this initial showing does the burden shift back to the government, which 'must respond with evidence sufficient to rebut that showing.'" *Beckford v. Lynch*, 168 F.Supp.3d 533, 539 (W.D.N.Y. 2016) (quoting *Zadvydas*, 533 U.S. at 701). Petitioner has not argued in any of her submissions that her removal is unlikely in the reasonably foreseeable future, let alone presented the Court with evidence to that effect. Therefore, Petitioner has not met her burden to warrant a writ of habeas corpus releasing her from constructive custody under 8 U.S.C. § 1231.

## IV. CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus will be denied without prejudice. An appropriate Order follows.

Dated: October 21, 2026

s/ Esther Salas
**Esther Salas**
**United States District Judge**